No. 23-2017

IN THE

# United States Court of Appeals
### FOR THE FEDERAL CIRCUIT

DNA GENOTEK INC.,

*Plaintiff-Appellant,*

v.

SPECTRUM SOLUTIONS LLC,

*Defendant-Appellee.*

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA IN CASE NO. 3:21-CV-00516-RSH-DDL, JUDGE ROBERT S. HUIE

**APPELLEE'S MOTION TO DESIGNATE CASES AS COMPANIONS**

ALI S. RAZAI,
  *principal counsel*
JOSEPH F. JENNINGS
JEREMIAH S. HELM
BRANDON G. SMITH
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, 14th Floor
Irvine, CA 92614
(949) 760-0404

BENJAMIN B. ANGER
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
3579 Valley Centre Drive, Ste 300
San Diego, CA 92130
(858) 707-4000

*Attorneys for Defendant-Appellee
Spectrum Solutions L.L.C.*

June 6, 2024

# CERTIFICATE OF INTEREST

Counsel for Appellant Spectrum Solutions L.L.C., certifies the following:

1. The full name of every party or amicus represented by me is:

Spectrum Solutions L.L.C.

2. The name of the real party in interest represented by me is:

N/A.

3. All parent corporation and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Spectrum Buyer, LLC; Spectrum Intermediate, LLC, Spectrum Holdco LLC

4. Other than those who have already made an appearance in this Appeal, the name of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or are expected to appear in this Court are: Nicholas M. Zovko, Stephen W. Larson, Paul Conover and Yanna S. Bouris, of Knobbe, Martens, Olson & Bear, LLP.

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by the Court's decision in the pending appeal are as follows:

*DNA Genotek Inc. v. Spectrum Solutions LLC*, No. 2024-1840 (Fed. Cir.).

6. Information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

None.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2024    By: /s/ *Ali S. Razai*
                           Ali S. Razai, *Principal Counsel*

Attorneys for Defendant-Appellee
Spectrum Solutions L.L.C.

## INTRODUCTION

There are now two appeals pending before this Court involving the same parties and the same patent, U.S. Patent No. 11,002,646: Appeal No. 23-2017 and Appeal No. 2024-1840. The two appeals raise an overlapping set of issues, including the proper construction of the preamble of the '646 patent's claims. To promote judicial efficiency and avoid the potential of inconsistent outcomes, the appeals should be argued together before the same panel. Accordingly, Spectrum moves the Court to designate Appeal No. 2023-2017 and Appeal No. 2024-1840 as companion cases and to schedule both cases for oral argument on the same day. A copy of this motion is being concurrently filed in both Appeal No. 23-2017 and Appeal No. 2024-1840.

On May 21, 2024, Spectrum reached out to DNA Genotek's counsel and asked whether DNA Genotek would oppose or join this motion. After several weeks and repeated communications, DNA Genotek was still unsure whether it would ultimately join or oppose the present motion. DNA Genotek, however, indicates it currently opposes the motion. Spectrum hopes DNA Genotek will eventually be able to join the motion.

## ARGUMENT

In Appeal No. 2023-2017, the district court granted summary judgment in Spectrum's favor, holding no infringement of the '646 patent. DNA Genotek

appealed the district court's holding, asserting the district court misconstrued the claims. DNA Genotek filed an opening brief on September 28, 2023, Spectrum filed its responsive brief on December 22, 2023, and DNA Genotek filed its reply brief on March 1, 2024. The Court has not scheduled the oral argument for Appeal No. 2023-2017.

The '646 patent was also under review by the Patent Office in an IPR filed by Spectrum. After Spectrum submitted its responsive briefing in Appeal No. 2023-2017, the Patent Office issued a decision on February 7, 2024 in the IPR holding all challenged claims from the '646 patent unpatentable. On May 20, 2024, DNA Genotek filed a Notice of Appeal from the IPR decision, and the Federal Circuit docketed the IPR appeal on May 21, 2024 under Appeal No. 2024-1840.

The two appeals raise an overlapping set of issues, including the proper construction of the preamble of the '646 patent's claims. Moreover, the IPR decision has the immediate effect of doing away with DNA Genotek's infringement action with respect to the '646 patent's now-unpatentable claims. There is thus substantial overlap between the two appeals, and their respective outcomes. In addition, the Patent Office's decision holding the '646 patent claims unpatentable, at issue in Appeal No. 2024-1840, will moot the issue of infringement of the '646 patent raised in Appeal No. 2023-2017.

Designating the two appeals as companion cases and scheduling them for oral argument on the same day before the same panel would be consistent with this Court's prior practice. *See, e.g., Chrimar Sys., Inc., v. ALE USA Inc.*, No. 2018-2420, Dkt. 31 (Fed. Cir. Dec. 17, 2018) (designating PTAB appeal and district court case as companion cases where district court issues were found moot after affirmance of PTAB appeal); *ModernaTX, Inc., v. Protiva Biotherapeutics, Inc.*, No. 20-1184, Dkt. 118 (Fed. Cir. Mar. 23, 2021) (designating related cases as companion cases for oral argument); *Packet Intelligence LLC v. Juniper Networks, Inc.* et al., No. 2022-2064, Dkt. 11 (Fed. Cir. Sept. 1, 2022) (designating as companion cases an appeal from the district court and an appeal from the Patent Office involving the same patents).

Further, although briefing is finished in Appeal No. 2023-2017, there is no cognizable prejudice to DNA Genotek from delaying resolution of this appeal. This is because the Patent Office held the relevant claims unpatentable, and therefore DNA Genotek cannot in good faith continue to assert them in the district court. In addition, while Appeal No. 2023-2017 also involves summary judgment of non-infringement for a second patent, that other patent is expired. As such, DNA Genotek is not prejudiced by a delay resolving Appeal No. 2023-2017 because the

only possible remedy, even if DNA Genotek was successful, is money damages that are no longer accruing.

## CONCLUSION

For the foregoing reasons, Spectrum respectfully requests that this Court designate Appeal No. 23-2017 and Appeal No. 2024-1840 as companion cases such that they will be scheduled for argument on the same day and decided by the same panel.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2024

By: /s/ *Ali S. Razai*
Ali S. Razai, *Principal Counsel*
Joseph F. Jennings
Benjamin B. Anger
Jeremiah S. Helm
Brandon G. Smith

Attorneys for Defendant-Appellee,
SPECTRUM SOLUTIONS L.L.C.

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). The motion contains 673 words, excluding the accompanying documents exempted by Fed. R. App. P. 27(d)(2) and Fed. Cir. R. 27(d).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). This Brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point font New Times Roman.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2024　　By: /s/ *Ali S. Razai*
　　　　　　　　　　　　　Ali S. Razai, *Principal Counsel*
　　　　　　　　　　　　　Brandon G. Smith

　　　　　　　　　　　　Attorneys for Defendant-Appellee,
　　　　　　　　　　　　SPECTRUM SOLUTIONS L.L.C.

59598517