# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

DNA GENOTEK INC.,

*Plaintiff-Appellant*,

v.

SPECTRUM SOLUTIONS LLC,

*Defendant-Appellee*.

Appeal from the United States District Court for the Southern District of California, No. 3:21-cv-00516-RSH-DDL, Judge Robert S. Huie

**DNA GENOTEK INC.'S RESPONSE TO SPECTRUM SOLUTIONS LLC'S MOTION TO DESIGNATE CASES AS COMPANION CASES**

Spectrum Solutions LLC (Spectrum) moved to treat as companion cases two appeals pending before this Court, both filed by DNA Genotek Inc. (Genotek): this appeal, *DNA Genotek Inc. v. Spectrum Solutions LLC*, No. 23-2017, and *DNA Genotek Inc. v. Spectrum Solutions LLC*, No. 24-1840. In this appeal, Genotek had initially raised two distinct issues: (1) whether to vacate the district court's judgment of noninfringement for claims of U.S. Patent No. 10,619,187 (the "'187 patent"); and (2) whether to vacate the district court's judgment of noninfringement for claims of U.S. Patent No. 11,002,646 (the "'646 patent"). *See* ECF 13 at 3. Briefing in this appeal has been complete since March 1, 2024. In appeal No. 24-1840, Genotek

appealed the Patent Trial and Appeal Board's finding that certain claims of the '646 patent are unpatentable. *See* No. 24-1840, ECF 1-2 at 2-3. In that decision, the Board found unpatentable the claims in the '646 patent that Genotek raised in this appeal. The deadline for Genotek's opening brief in the IPR appeal (No. 24-1840) has not yet been set. Spectrum thus seeks to coordinate a fully briefed appeal that has been waiting for argument for three months with an appeal for which the briefing schedule has not even begun.

The Court should deny that request because Genotek has already informed Spectrum that Genotek intends to dismiss the IPR appeal (No. 24-1840). Genotek is waiting for Spectrum to confirm whether it will stipulate to that dismissal or whether Genotek will need to file a motion. Genotek expects to file its motion, or a stipulation, by or before June 21, 2024. Moreover, Genotek's dismissal of appeal No. 24-1840 means there is a final, non-appealable determination that all the claims in the '646 patent that Genotek had been asserting in this appeal are unpatentable. Accordingly, once that appeal is dismissed, the issues in this appeal will be narrowed to those relating to the '187 patent, which is unaffected by the IPR proceedings on the '646 patent because it has a different priority date and is from a different patent family. Regardless, because Genotek does not intend to proceed with the IPR appeal (No. 24-1840), there is no basis for the Court to treat the two appeals as companions or to delay the scheduling of oral argument in this appeal.

| | |
|---|---|
| Dated: June 17, 2024 | Respectfully submitted, |
| | /s/ Brian R. Matsui |
| BRIAN M. KRAMER | BRIAN R. MATSUI |
| DREW ALAN HILLIER | SETH W. LLOYD |
| MORRISON & FOERSTER LLP | MORRISON & FOERSTER LLP |
| 12531 High Bluff Drive | 2100 L Street NW, Suite 900 |
| San Diego, CA 92130 | Washington, DC 20037 |
| | Tel.: (202) 887-8784 |
| | BMatsui@mofo.com |
| | |
| | ALEXANDRA M. AVVOCATO |
| | MORRISON & FOERSTER LLP |
| | 250 West 55th Street |
| | New York, NY 10019 |

*Counsel for DNA Genotek Inc.*

# CERTIFICATE OF INTEREST

Counsel for DNA Genotek Inc. certify under Federal Circuit Rule 47.4 that the following information is accurate and complete to the best of their knowledge:

1.      **Represented Entities.** Provide the full names of all entities represented by undersigned counsel in this case.

DNA Genotek Inc.

2.      **Real Parties in Interest.** Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.

None.

3.      **Parent Corporations and Stockholders.** Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

DNA Genotek Inc. is a wholly owned subsidiary of OraSure Technologies, Inc. Blackrock Inc. owns 10% or more of OraSure Technologies, Inc.'s stock.

4.      **Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court.

MORRISON & FOERSTER LLP: David D. Cross; Candice F. Heinze (no longer with firm); and John R. Lanham.

5.      **Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

Yes, see separately filed notice.

6.      **Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).

Not applicable.

Dated: June 17, 2024                              /s/ Brian R. Matsui
                                                  Brian R. Matsui

# CERTIFICATE OF COMPLIANCE

The foregoing filing complies with the relevant type-volume limitations of the Federal Rules of Appellate Procedure and Federal Circuit Rules because the filing has been prepared using a proportionally spaced typeface and includes 383 words, excluding the parts of the filing exempted by the Rules.

Dated:  June 17, 2024                                              /s/ Brian R. Matsui